(C. D. 393)

THORNLEY & PITT v. UNITED STATES

United States Customs Court, Second Division

(Decided November 4, 1940)

*Clyde C. Sherwood* for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General, (*Joseph E. Weil,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This suit is brought by plaintiffs against the United States for the recovery of duty alleged to have been improperly assessed on certain cotton cloth imported at the port of San Francisco from China. The merchandise consists of 20 bales unbleached cotton cloth, in running lengths, which was assessed for duty by the collector at 9.9 cents per pound under the provisions of paragraph 904 (a) of the Tariff Act of 1930, reading as follows:

PAR. 904. (a) Cotton cloth, not bleached, printed, dyed, or colored, containing yarns the average number of which does not exceed number 90, 10 per centum ad valorem and, in addition thereto, for each number, thirty-five one-hundredths of 1 per centum ad valorem; exceeding number 90, 41½ per centum ad valorem: *Provided, That none of the foregoing shall be subject to a less duty than fifty-five one-hundredths of 1 cent per average number per pound.* [Italics ours.]

The plaintiffs claim the merchandise to be colored, and therefore dutiable under the provisions of paragraph 904 (c), reading:

PAR. 904. (c) Cotton cloth, printed, dyed, or colored, containing yarns the average number of which does not exceed number 90, 16 per centum ad valorem and, in addition thereto, for each number, thirty-five one-hundredths of 1 per centum ad valorem; exceeding number 90, 47½ per centum ad valorem.

It will be seen from the foregoing provisions that the basic rates of duty on colored cotton cloth in said paragraph 904 (c) are greater than the basic rates of duty provided for cotton cloth, not colored, in said paragraph 904 (a). In the present instance, however, the duty on the merchandise as cotton cloth, not colored, is greater than it would be as colored cotton cloth under said paragraph 904 (c), by reason of the minimum duty provision in said paragraph 904 (a) on cotton cloth, not colored. Hence the reason for plaintiffs' protest herein.

Upon the trial of the issue representative samples of the importation were put in evidence as exhibit 1 and illustrative exhibit 2. From these exhibits it would appear that the cloth as imported is 36 inches wide, with a selvage border on each side running lengthwise of the fabric about three-sixteenths of an inch wide, with a red-colored warp thread also running lengthwise of the body of the fabric about three-quarters of an inch from the selvage, with a yellow-colored thread running parallel with the red thread about one-sixteenth of an inch from the said red thread. The unbleached threads in the body of the cloth are of single ply, while the two red and the two yellow yarns in the body of the fabric are of two-ply. The red threads, however, are more conspicuous and prominent than the yellow threads.

Plaintiffs also put in evidence illustrative exhibit 3 for the purpose of showing that after the imported cloth was cut, hemmed, bleached, and made up into tea or dish towels the colored threads were still present, although not so prominent.

Plaintiffs introduced testimony to the effect that the colored threads serve to identify the merchandise, embellish and decorate the cloth, and make it more attractive to the eye and more desirable to the ultimate consumer, and that the cloth costs more to manufacture with said colored threads. Such testimony, while objected to by counsel for the Government, has not been contradicted in any way. Evidence was also introduced to show that as the colored threads consisted of double yarns they were stronger than the unbleached single yarns, and therefore could not be removed without impairing the strength or integrity of the fabric.

At the conclusion of plaintiffs' testimony counsel for the Government moved for the dismissal of the protest on the ground that it was not "sufficiently definite." Ruling on such motion was reserved for Division Two of this court by the sitting judge (R. 37, 38).

We, however, can see nothing indefinite about the protest. Duty was assessed on the imported merchandise as cotton cloth, not colored, under paragraph 904 (a) of the act of 1930, and the protest specifically claims it to be dutiable under paragraph 904 (c) as colored cotton cloth. Said motion is therefore overruled, with an exception to the Government.

In G. A. 5278, T. D. 24217 (6 Treas. Dec. 110), this court (then the Board of General Appraisers) held that the word "colored" as used in paragraphs 305 to 309 of the Tariff Act of 1897, was used in a descriptive and not a commercial sense, and embraces any substantial coloring of the fabric. In that case certain cotton toweling in the piece, with border lines on each side consisting of two red and two blue lines, about three-eighths of an inch apart, was held dutiable as colored cotton cloth rather than as bleached cotton cloth. *Seeberger* v. *Schlesinger*, 152 U. S. 581. But what would amount to a necessary and substantial element or part of the merchandise must depend largely upon the facts of each case, commercial usage, or the use to which the article may be put, etc. G. A. 5795, T. D. 25599 (8 Treas. Dec. 319).

In *Heyliger & Raubitschek* v. *United States*, 11 Ct. Cust. Appls. 90, T. D. 38735, certain cotton cloth was woven with a double twisted yarn for the warp and a single twisted yarn for the filling. The warp yarn, before weaving, had been treated with a "fugitive tint," solely for the purpose of assisting the weaver to distinguish the two yarns. This tint imparted a plainly discernible color to a substantial portion of the surface. The court held that, notwithstanding the color is bleached out before the cloth is used, and notwithstanding it adds nothing to the appearance or market value of the cloth, the importation was "colored" under paragraph 252, Tariff Act of 1913.

In *Balfour, Williamson & Co.* v. *United States*, 11 id. 368, T. D. 39161, cloth with a blue stripe along each border, made of four warp yarns an inch from the edge, to serve as a guide in overlapping and sewing the cloth together, was held dutiable as plain woven fabrics of single jute yarns, colored, under paragraph 279 of the act of 1913.

Again, in *Bemis Bro. Bag Co.* v. *United States*, 11 id. 373, T. D. 39162, the merchandise consisted of certain plain woven jute padding to be used as interlining for coats, with a colored stripe along each selvage made of six warp threads about a quarter of an inch from the edge and about three-eighths of an inch wide, serving no purpose other than as an identification mark, and was held dutiable as colored jute fabric under paragraph 279 of the act of 1913. It was held by the court that if the colored part of the cloth was substantial, having reference to appearance, component quantities, and other like considerations affecting the character and condition of the cloth at the time of importation, the cloth itself must be considered as colored

under the act of 1913, but that if the colored part were trifling, insignificant, or negligible, the cloth should be held to be not colored, and that it was not important whether the color be ornamental or serves a useful purpose or is permanent or is visible when in final use or adds to the marketable value of the goods. The cloth in that case was held to be colored.

In *United States* v. *Bryant & Beinecke*, 10 id. 79, T. D. 38355, the subject matter was certain unbleached cotton duck or canvas having a single blue warp thread running lengthwise of the fabric 1 inch from each side. It was shown that the two colored threads were not introduced into the fabric for embellishment or ornamentation, but solely and merely as a helpful marginal guide line for operators in overlapping and sewing the widths together in making sails, tents, etc., and that the colored threads were not necessarily apparent in the canvas after being sewn together, as they could be obliterated by the stitching. Also that they were not a necessary part of the fabric, as they could be removed without appreciably impairing the integrity of it. It was held that the colored threads were trivial in character, and that they represented and covered an insignificant part of the surface area of the fabric. In other words, that the two colored threads did not form a necessary and substantial part of the fabric, and therefore could be disregarded in the classification of the merchandise. The cloth was therefore held dutiable as not colored under paragraph 252 of the Tariff Act of 1913.

As between the cases holding cloth or fabric dutiable as colored and the last-cited one holding the canvas duck dutiable as cotton cloth not colored, we think the present case presents a rather close question. However, as the number of the colored threads in the cloth here in question is not only twice as many as the two blue threads held inconsequential in the *Beinecke* case, *supra*, and as they are of two-ply as against the one-ply yarns forming the remainder of the cloth, and as the testimony otherwise shows that the colored threads could not be removed without impairing the strength or integrity of the cloth, and that the said threads also embellish or lend an ornamental effect to the cloth, it is our opinion that under the reasoning of the cited authorities the cloth in question is properly dutiable as colored cloth rather than as not colored under paragraph 904 of the act of 1930.

The claim of the plaintiffs is therefore sustained. Judgment will be rendered accordingly.